Dear Representative Larason,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Does "oxygen" fall within the definition of "drugs," ifprescribed by a physician for a patient, for Oklahoma State salestax exemption purposes, under 68 O.S. 1357 (1987)?
¶ 1 According to 68 O.S. 1357(H) (1987), sales of prescribed medicines and drugs for treatment of human beings are exempt from Oklahoma sales tax. Your question asks whether "oxygen," if properly prescribed by a physician, falls within this statutory exception. Title 68 O.S. 1357(H) (1987) provides:
 There are hereby specifically exempted from the tax levied by this Article:
 Sales of medicines or drugs prescribed for the treatment of human beings by a person licensed to prescribe the medicines or drugs. Provided, this exemption shall not apply to proprietary or patent medicines as defined by 59 O.S. 353.1 of the Oklahoma Statutes.
¶ 2 The Supreme Court of Oklahoma ruled in Oliver v. City ofTulsa, 654 P.2d 607, 611 (Okla. 1982), that when the meaning of a word is defined in any statute, this definition is applicable to the same word whenever it occurs, unless a contrary intent is evidenced by the use of the phrase in question.
¶ 3 Title 59 O.S. 353.1(3) (1987) provides:
 "Drugs" means all medicinal substances and preparations recognized by the United States Pharmacopoeia and National Formulary, or any revision thereof, and all substances and preparations intended for external and internal use in the cure, diagnosis, mitigation, treatment or prevention of disease in man and all substances and preparations, other than food, intended to affect the structure or any function of the body of man.
¶ 4 Title 59 O.S. 353.1(4) (1987) provides:
 "Medicine" means any drug or combination of drugs which has the property of curing, preventing, treating or mitigating diseases, or which is used for that purpose.
¶ 5 Since 68 O.S. 1357 (1987) specifically refers to the statutory definition of "drugs" as defined in title 59 O.S.353.1 (1987), that definition is controlling regarding 68 O.S.1357 (1987). Therefore, any "drug" or medicinal substance that is recognized by the United States Pharmacopoeia and National Formulary, or any revision thereof, is a "drug" for the purposes of exemption under 68 O.S. 1357(H) (1987).
¶ 6 The United States Pharmacopoeia and National Formulary [Published by the-United States Pharmacopoeia Convention, Inc., Twenty-First Revision, Official from January 1, 1985] does recognize oxygen and its properties as a drug. Further, the National Library of Medicine Cumulated Index Medicus [Published by the National Library of Medicine, Volume 28, 1987] also acknowledges oxygen as a drug and indexes its administration and dosage, adverse effects, antagonists and inhibitors, pharmacodynamics, physiology, poisoning, radiation effects, and therapeutic use.
¶ 7 Accordingly, oxygen has been recognized as a "drug" and its medicinal purposes are such as will satisfy the definition in 59O.S. 353.1 (1987). With this requirement met, oxygen also meets the criteria to be defined as a drug for purposes of state sales tax exemption under 68 O.S. 1357(H) (1987).
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that oxygen, when properly prescribed by a physician fortreatment of human beings, falls within the definition of "drugs"for purposes of state sales tax exemption under 68 O.S.1357(H) (1987).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ROBERT T. RALEY ASSISTANT ATTORNEY GENERAL